IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD DOE, individually and as guardian for A.B.,C.D., and E.F., A.B., a minor child, C.D., a minor child, and E.F., a minor child, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civ. No. 15-963-LPS |
| STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, DIVISION OF FAMILY SERVICES, et al., | : : : : : | |
| Defendants. | : | |

Weih Steven Chang, Hockessin, Delaware, Pro Se Plaintiff.

Rosamaria Tassone-DiNardo, First Assistant City Solicitor, City of Wilmington Law Department, Wilmington, Delaware. Attorney for Defendants The City of Wilmington; The City of Wilmington Police Department; and Mary Quinn.

Ryan P. Connell, Deputy Attorney General, Department of Justice, State of Delaware, Wilmington, Delaware. Attorney for Defendants State of Delaware, Department of Services for Children, Youth & Their Families, Division of Family Services; Sarah Marlowe; and Bahu Gilliam.

Gary H. Kaplan, Esquire, and Art C. Aranilla, II, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware. Attorneys for Defendant Children's Advocacy Center of Delaware.

**MEMORANDUM OPINION**

May 2, 2018
Wilmington, Delaware


STARK, U.S. District Judge

I. INTRODUCTION

On September 27, 2016, the Court entered granted Defendants' motions to dismiss and closed the case. (D.I. 38, 39) Before the Court is Plaintiff Weih Steven Chang's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (3), opposed by Defendants City of Wilmington, City of Wilmington Police Department, and Mary Quinn ("City Defendants") and Children's Advocacy Center of Delaware ("CDCD") who joined City Defendants opposition. (D.I. 40) For the reasons discussed below, the Court will deny the motion.

II. BACKGROUND

Chang commenced this action on October 23, 2015. (D.I. 2) At the time, he was represented by counsel. Plaintiff filed an Amended Complaint on February 22, 2016. (D.I. 15) The Amended Complaint contains seven counts and alleges defamation, negligence, malicious prosecution, wrongful use of civil proceedings, deprivation of civil rights under 42 U.S.C. § 1983, civil conspiracy to commit malicious prosecution, and breach of contract. (*Id.*) On September 27, 2016, the Court granted Defendants' motions to dismiss and the case was closed. (D.I. 38, 39) On October 27, 2016, Chang, now proceeding *pro se*, filed the instant motion for relief pursuant to Fed. R. Civ. P. 60(b)(1), (2), and (3). (D.I. 40) He filed a notice of appeal the same day. (D.I. 42) The United States Court of Appeals for the Third Circuit stayed the appeal pending a decision on Chang's motion for relief. *See Chang v. Delaware Dep't Children & Youth*, No. 16-3981 at Nov. 22, 2016 Order (3d Cir.).

III. LEGAL STANDARDS

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

1

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
discovered evidence, that with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic),
misrepresentation or other misconduct of an adverse party; (4) the
judgment is void; (5) the judgment has been satisfied, released or
discharged; it is based on an earlier judgment that has been reserved
or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

## IV. DISCUSSION

Chang seeks relief from judgment on the grounds that: (1) the Court considered as authentic a "repeatedly fabricated police report;" (2) the last page of City Defendants' Exhibit A (D.I. 20) was fraudulently added to make the second fabricated document appear to have been reviewed and approved by a commanding office; (3) City Defendants produced the third fabricated document on September 7, 2014, two days after Chang obtained the second fabricated document; (4) City Defendants misled the Court when they submitted the second and third fabricated versions of the police report; and (5) City Defendants clearly committed fraud, intrinsic or extrinsic, misrepresentation, and/or misconduct prior to and during this proceeding. (D.I. 40 at 2-5) Chang argues that the substantial rights of minor Plaintiff A.B. were violated and, therefore, the Court should consider granting relief by granting an evidentiary hearing. In addition, he seeks declaratory

2

relief that City Defendants intentionally submitted a fraudulent document as an authentic governmental record, as well as costs and attorneys' fee. (*Id.* at 5-6)

The Court begins with three observations: First, while Chang invokes Rule 60(b)(1), (2), and (3), his motion does not speak to each paragraph as it may relate to his motion or the relief he seeks. Second, Chang's motion for relief appears to address alleged actions that relate to the claims raised against City Defendants. Third, Chang now proceeds *pro se* and, because he is not an attorney he may only represent himself in this Court. *See* 28 U.S.C. § 1654; *see also Osei-Afriey v. The Med. Coll. of Pennsylvania*, 937 F.3d 876 (3d Cir. 1991) (non-attorney parent must be represented by counsel to extent parent brings action to pursue claims on behalf of his or her child.). Chang is well aware of the requirement that his minor children must be represented by counsel. *See Chang*, No. 16-3981 at Oct. 31, 2016 Order (3d Cir.) (advising Chang that his appeal will proceed only as to parent unless counsel appeared for minor children).

### A. Rule 60(b)(1)

Rule 60(b)(1) provides relief from an order on the basis of "mistake, inadvertence, surprise, or excusable neglect." It seems that Chang contends the Court erred or made a mistake in considering City Defendants' documents and omitting statements made by minor Plaintiffs A.B. and E.F. because they were not discussed in the Court's Memorandum Opinion (*see* D.I. 40 at ¶¶ 3, 19, 20), and because he was shocked to discover City Defendants' exhibit contained a "repeatedly fabricated police report." (D.I. 40 at 2)

The Third Circuit has not decided whether legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1). *Bernheim v. Jacobs*, 144 F. App'x 218, 221, 223 (3d Cir. 2005). However, legal error, without more, cannot justify granting a Rule 60(b) motion. *See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *see also Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x

169, 170 (3d Cir. 2007). In addition, Chang's assertion of "shock" in October 2016 does not provide a basis of relief. There is no dispute that Chang's attorney was served with City Defendants' exhibits on March 18, 2016 (*see* D.I. 20-5) and Chang, by his own admission, received copies of the police reports at issue in 2014 (*see* D.I. 40 at 2-3).

Rule 60(b)(1) provides no avenue of relief to Chang.

**B.     Rule 60(b)(2)**

Rule 60(b)(2) provides that a party may file a motion for relief from a final judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial. Any party requesting such relief bears a heavy burden." *Compass Tech., Inc. v. Tseng Lab., Inc.* 71 F.3d 1125, 1130 (3d Cir. 1995).

To support his motion for relief under 60(b)(2) Chang provides the Court with a November 10, 2014 affidavit from a licensed clinical social worker, an October 7, 2013 police report by Officer Watson, Quinn's October 30, 2013 police report approved by her supervisor on November 7, 2013, a photo of a chef's knife, comments from an "expert witness" who viewed the children and mother's interview videos, and one page from an investigative report prepared by Defendant Sarah Marlow. (*See* D.I. 41, 47)

None of the documents suffices to provide relief under Rule 60(b)(2). Chang does not assert that the documents were unavailable to him at the time Defendants filed their motions to dismiss. In addition, the document would not have changed the outcome of the Court granting Defendants' motions to dismiss.

4

C.   **Rule 60(b)(3)**

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

"In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

Chang's conclusory allegations do not meet his burden to prove fraud. Notably, City Defendants alerted the Court there were two versions of Quinn's report and included them in their appendix. (*See* D.I. 19 at n.1) The record does not support Chang's assertions of fraud or misrepresentation. Nor does the record suggest that the alleged conducted prevented Chang from

fully and fairly presenting his case. Chang has not met his burden of proof, and Rule 60(b)(3) provides him no avenue of relief.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Chang's motion for extension of time to file a response (D.I. 50);[1] and (2) deny Chang's motion for relief. (D.I. 40)

An appropriate Order will be entered.

---

[1] The Court considered Chang's reply at D.I. 51.