IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEIH STEVEN CHANG<br>a/k/a Richard Doe, individually and as<br>guardian for A.B.,C.D., and E.F., A.B.,<br>a minor child, C.D., a minor child, and E.F.,<br>a minor child,<br><br>        Plaintiffs,<br><br>        v.<br><br>STATE OF DELAWARE, DEPARTMENT<br>OF SERVICES FOR CHILDREN,<br>YOUTH & THEIR FAMILIES, DIVISION<br>OF FAMILY SERVICES, et al.,<br><br>        Defendants. | Civ. No. 15-963-LPS |

Weih Steven Chang, Hockessin, Delaware, Pro Se Plaintiff.

Rosamaria Tassone-DiNardo, First Assistant City Solicitor, City of Wilmington Law Department, Wilmington, Delaware. Attorney for Defendants The City of Wilmington; The City of Wilmington Police Department; and Mary Quinn.

Ryan P. Connell, Deputy Attorney General, Department of Justice, State of Delaware, Wilmington, Delaware. Attorney for Defendants State of Delaware, Department of Services for Children, Youth & Their Families, Division of Family Services; Sarah Marlowe; and Bahu Gilliam.

Gary H. Kaplan, Esquire, and Art C. Aranilla, II, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware. Attorneys for Defendant Children's Advocacy Center of Delaware.

**MEMORANDUM OPINION**

February 21, 2020
Wilmington, Delaware


STARK, U.S. District Judge

## I. INTRODUCTION

On September 27, 2016, the Court granted Defendants' motions to dismiss and closed this case. (D.I. 38, 39) On May 3, 2018, the Court denied Plaintiff Weih Steven Chang's ("Plaintiff" or "Chang") motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (3). (*See* D.I. 40, 55, 56) Now pending before the Court is Plaintiff's motion to vacate pursuant to 28 U.S.C. § 455 and Rule 60, opposed by Defendants City of Wilmington, City of Wilmington Police Department, and Mary Quinn (collectively, "City Defendants"), as well as Children's Advocacy Center of Delaware ("CDCD"), who joined the City Defendants' opposition. (D.I. 57) For the reasons discussed below, the Court will deny the motion.

## II. BACKGROUND

Chang commenced this action on October 23, 2015. (D.I. 2) At the time, he was represented by counsel. Plaintiff filed an Amended Complaint on February 22, 2017, that contained seven counts, including defamation, negligence, malicious prosecution, wrongful use of civil proceedings, deprivation of civil rights under 42 U.S.C. § 1983, civil conspiracy to commit malicious prosecution, and breach of contract. (D.I. 15) On September 27, 2016, the Court granted Defendants' motions to dismiss and the case was closed. (D.I. 38, 39) On October 27, 2016, Chang, then proceeding *pro se*, filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(1), (2), and (3). (D.I. 40) He filed a notice of appeal the same day. (D.I. 42) The United States Court of Appeals for the Third Circuit stayed the appeal pending a decision on Chang's motion for relief, *see Chang v. Delaware Dep't Children & Youth*, No. 16-3981 and, on May 3, 2018, this Court denied Plaintiff's Rule 60 motion. (*See* D.I. 55, 56) On December 11, 2018, the Third Circuit affirmed the

1

judgment of this Court that granted Defendants' motions to dismiss the amended complaint. (D.I. 62) Plaintiff filed the instant motion during the pendency of the appeal. (D.I. 57)

### III. RECUSAL

Plaintiff invokes 28 U.S.C. § 455 in his motion to vacate, but it is not clear if he actually seeks recusal of the undersigned Judge. Plaintiff asserts "newly discovered judicial misconduct" that gives rise to his argument of "judicial white privilege" in violation of 28 U.S.C. § 455 and the Fourteenth Amendment of the United States Constitution. (D.I. 57 at 2) Plaintiff alleges the undersigned Judge has ties to Defendants under a theory that State and private agencies work in partnership with the Federal Government and, in particular, used federal funds to prosecute Plaintiff in the State Courts. (*Id.* at 3) He also alleges that the undersigned Judge is a de facto member of the Criminal Justice Council, is white (as are two individual Defendants), and made contributions to several Combined Campaigns for Justice. (*Id.* at 4-5)

The "decision of whether to recuse from hearing a matter lies within the sound discretion of the trial court judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Section 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004) (citation omitted).

Recusal under 28 U.S.C. § 455 is not warranted because Plaintiff's allegations do not implicate any evidence from which a reasonable person with knowledge of all the facts would question the Court's impartiality. *See In re Kensington*, 368 F. 3d at 296. Plaintiff seeks to vacate, or have the Court withdraw, its previous orders or judgments in this case. He clearly is dissatisfied

2

with prior decisions. However, this is an insufficient basis for recusal. *See Hairston v. Miller*, 646 F. App'x 184, 188 (3d Cir. 2016) (citing *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)).

Plaintiff's motion for recusal, to the extent that is his request, will be denied.

## IV. RULE 60

### A. Legal Standards

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

### B. Discussion

Plaintiff seeks relief under Rule 60 based on "newly discovered judicial misconduct," contending that the undersigned (as Chief Judge) "abused his discretionary power by his failure to disclose the underlying conflict of interest that may have overtly or subliminally affected his decision making process." (D.I. 57 at 2, 4; *see also* D.I. 58-1 at 3 ("It is recently discovered that the district

3

court judge has multiple disabling, previously undisclosed conflicts from which a reasonably objective observer could conclude that it was biased in favor of the white state defendants."))

Plaintiff does not indicate under which subsection of Rule 60 he proceeds, but it appears to be Rule 60(b)(2), based on newly discovered evidence. Rule 60(b)(2) provides that a party may file a motion for relief from a final judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial. Any party requesting such relief bears a heavy burden." *Compass Tech., Inc. v. Tseng Lab., Inc.* 71 F.3d 1125, 1130 (3d Cir. 1995). As noted, a motion brought pursuant to Rule 60(b)(2) must be filed no more than one year after the entry of the judgment, order, or proceeding being challenged.

Defendants oppose the motion on the grounds that the motion was not timely filed. Conversely, Plaintiff responds that the motion was brought within one year.

A review of the motion indicates that Plaintiff seeks to have this Court vacate "previous orders or judgments, grant[] Plaintiff leave to amend; [and] grant[] Plaintiff leave to move for other relief as appropriate." (D.I. 57 at 7) It seems that Plaintiff seeks relief from the Court's September 27, 2016 order dismissing the case. (D.I. 38, 39) If this is the case, then the motion is untimely. However, because Plaintiff does not provide specifics, it is not clear if he also seeks relief from the May 3, 2018 order that denied his Rule 60 motion. (D.I. 55, 56) Under that scenario, the motion is timely filed.

Regardless, to the extent Plaintiff seeks relief under Rule 60(b)(2), the information he relies upon does not suffice to provide relief. Plaintiff does not assert that the information was

4

unavailable to him when the Court issued its September 27, 2016 and May 3, 2018 rulings. Moreover, Plaintiff's theory for relief based upon this information would not have changed the outcome as the Court would still have granted Defendants' motions to dismiss.

It may be that Plaintiff seeks relief under Rule 60(b)(6). Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *See Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005).

Here, Plaintiff seeks relief due to his disagreement with the Court's rulings and his unfounded assertion of judicial bias. Notably, the Order dismissing the amended complaint was affirmed on appeal. (D.I. 62) Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555

(1994). There has been no such showing of judicial bias. Nor has Plaintiff shown "extraordinary circumstances" to justify relief under Rule 60(b)(6).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to vacate. (D.I. 57) An appropriate Order will be entered.